Case No: _____   Inmate Name: Langley, Brian
Date: 4/23/21   Inmate IDOC#: 131832
Document Title: Prisoner Civil Rights Complaint
Total Pages: 25   Inmate Initials Verifying Page Count: ___

United States District Court
For The District Of Idaho

xxxxxx

| | |
|---|---|
| Brian Langley, Alfonso Miranda-Cota, Darryl Wishart, Salvador Rodriguez, Michael Sanchez, Curtis Stover, Jordan Jensen, Joseph Jensen, Michael Grosz, Nicholas Brown, Robert Underwood, Shawn Bettencourt, Steven Nunez, Chris Garrett, Roger Soto, Tyler Garcia, Desidero Ocampo, Sterlin Buffalomeat, Wendell Dias, Lance Jablonski, Greg Chavez, Trevor Johnston, Brett Southwick, Alan Mansell, Thomas Grove, James Naranjo, Davis, Eugene Bolen, Dominic Hoffman, Tyler Bartlett, Aaron Moses, Tyler Dionne, Ruben Cortes | Case No. _____<br><br>Prisoners Civil Rights Complaint 42 U.S.C. § 1983<br><br>Demand For Jury Trial<br><br>Request For Class Certification Pursuant to FRCP 23<br><br>Notice of NON Concent to the Exercise of Jurisdiction by a United States Magistrate Judge to Conduct any proceedings in this case.<br><br>Request For Appointment of Counsel |

Prisoners Civil Rights Complaint  Page 1

Oliver Encinas, Nicholas Correa, Cody Weber, David Erickson, James Floyd, Thomas Paulk, Rey Ornelas, and all those similarly situated in IDOC Custody,
    Plaintiffs

V.

Brad Little, as Governor of the State of Idaho, in his official capacity; Idaho State Board of Correction Governing members, in their official Capacities; Idaho Department of Correction Director Josh Tewalt, in his official Capacity; Idaho Commission of pardons and parole Executive Director Ashley Dowell, in her official Capacity,
    Defendants.

Prisoners Civil Rights Complaint   Page 2

## Jurisdiction

1. The United States District Court for the District of Idaho has jurisdiction over plaintiff class under: 42 U.S.C. § 1983; Plaintiffs also request the federal court to exercise supplemental jurisdiction over any state claim under: 28 U.S.C. § 1367

## Class Action Allegations

2. This is a class action under FRCP 23 et seq.

3. The defendants have acted and refused to act on the grounds generally applicable to the class, thereby making final injunctive and declaratory relief with respect to the class as a whole.

## Plaintiff Parties

4. Plaintiffs are housed at Iscc in B-Block tiers 4 & 5.

5. Plaintiff Langley request the Court to appoint him as class representative until counsel is appointed.

6. Plaintiff Langley is competent and will fairly and adequately protect the interest of the class.

7. A precedent has been set by this very court in February 1984, to appoint class representatives until counsel was appointed. See; Balla v. ISBC, CV81-1165-BLW, DKT. 106 at 2.

Prisoners Civil Rights Complaint     page. 3

8: Plaintiff and Plaintiff class request the court to grant him class representative.

## Defendant Parties

9: Defendant State of Idaho, by and through Defendant Brad Little as Governor of the State of Idaho, is legally responsible for the Idaho Parole Commission, to ensure the legislative purpose of the Parole Commission, as set out in the Idaho Code is achieved and adhered to, and that the prisoners committed to IDOC by the courts of the state of Idaho are not debilitated nor deprived of their Constitutional rights.

10: Defendant Brad Little, is being sued in his official capacity as Governor, Governor Little is responsible for upholding and ensuring compliance with the Idaho Constitution and Statutes enacted by the legislature, including Constitutional parole hearings which are at issue in this complaint.

11: Defendant Little as Governor of defendant State of Idaho is the correct party to sue. See Idaho Const. Art. IV, §5 ("The supreme executive power of the state is vested in the Governor, who shall see that the laws are faithfully executed.") See: 2014 U.S. Dist. Lexis 66417, *17.

Prisoners Civil Rights Complaint   page 4

12: Defendants Little, ISBC, Governing Members, Idaho Comm. of Pardons and Parole Executive Director Ashley Dowell, and IDOC Director Josh Tewalt, were all given actual constructive knowledge and notice of the constitutional violations at the Idaho Commission of Pardons and Parole and a request was made to correct said violations, and a proposal to work together to solve the problems and avoid legal action on 3·9·21. There was no response. See exhibit A

13: Defendant Josh Tewalt and ISBC Governing members in their official capacity are legally responsible for over seeing IDOC properly prepares inmates for parole pursuant to Idaho Code § 20-223.

14: Issue/concern to defendant Josh Tewalt on 1·21·21: About Tewalt placing a message on Jpay, stating on 12·31·20 Idaho has invested $4.5 million in Connection & Intervention stations for inmates on parole to prevent revocation. This year, IDOC committed to create a safer Idaho and having fewer people in its correctional system. The question: Right now on the incentive tier 19 out of 57 inmates are past their fixed at an average of 4 years! That is 33% of the population. We are wondering what your plan is to fix this problem?

Prisoners Civil Rights Complaint    page 5

We would like to talk further to make a solution as well. Tewalts response: IDOC only manages your prison stay. See Exhibit B

## Facts

15. Defendant State of Idaho by and through its legislature fail to regulate the funding for IDOC and Idaho Parole Commission. In 2019, Idaho formed the Justice Reinvestment Initiative putting $2.4 million towards properly training more parole officers and prison case managers. B-C Block in Iscc only have 6 case managers for 696 inmates, and before last years lawsuit of overcrowding there was only 6 case managers 824 inmates. The Initiative also put $47.4 million towards better programming, but IDOC still uses the same ineffective "Cincinatti Program" implemented in 2016.

16. The negligence of the defendants has been noticed and reported by the Office of Performance Evaluation under authority of Idaho Code § 67-457-464. In 2015, the parole comm. recieved $2,727,700 in 2018 recieved $3,248,720; an increase of $521,020. In 2015 there was 2,966 parole hearings with 2,614 releases, in 2018 there was 7,528 hearings with

Prisoners Civil Rights Complaint   page 6

only 1,769 releases. A significant increase in parole denials by 64.6%. 2018 is also the same year defendant Gov. Little took office.

17. Defendant Governor Brad Little in his official capacity has knowingly and willingly violated Idaho Const. Art. IV, § 5 by allowing defendant Parole Commission Exec. Dir. Ashley Dowell in her official capacity to violate 5th, 8th, 14th Amendments, right to appeal and Idaho code § 20-223. By disregarding all rules and request by Idaho legislatures as noted in the Office of Performance Evaluation report by Tony Grange & Ryan Langrill. "OPE recommends IDOC and Parole Comm. improve joint process." "Commission management was not responsive to our initial report or our follow ups. Therefore we suggest that the Joint legislative committee not direct us to conduct further follow ups."

18. Defendant Governor Brad Little in his official capacity interviewed with Channel 7 Ktvb news on or around July 21, 2020, saying IDOC will be a great cash flow for the department of lands. Four other statewide elected officials voted to direct the Idaho Department of Lands to look into building another

Prisoners Civil Rights Complaint page 7

prison in Idaho and then lease it back to the state. Attorney General Lawrance Wasden pitched the idea and said "the prison could provide a steady stream of income." The Land Board funds are supposed to mainly benefit public schools. In 2019, the Land Board generated about $85 million, and has a balance of about $130 million. Little liked the idea saying "Actually, I was a little disappointed that I didn't think of it."

19: 40 Plaintiffs have signed and submitted their IDOC numbers and how many years they are past their fixed. Not including the 15 that were afraid to sign, in fear of retaliation from the parole commission. Including the inmates afraid to sign add up to 55 out of 116 equalling 47% of inmates are past their fixed. See Exhibit C.

20: Defendants are directly violating Idaho Code § 6-1604, by denying parole puts all inmates at greater risk of physical & mental harm, not only for prisoners but their families also.

21: Plaintiffs have exhausted all administrative remedies by turning Self Initiative Progress Reports yearly

Prisoners Civil Rights Complaint page 8

after parole denial to parole Commission and concerning, IDOC Director Josh Tewalt.

## Legal Claims/Constitutional Violations

22: The facts related above disclose a concerted and systematic effort by the defendants and their agents to deprive the plaintiff and the plaintiff class of their constitutionally secured rights, including but not limited to those enumerated in the succeeding paragraphs.

23: Defendants State of Idaho, ISBC Governing members, and parole comm. Exec. Dir. Ashley Dowell, violate Idaho Code § 20-223 by failing to provide adequate funding for IDOC case managers and programs, which is the direct cause of most parole denials, because IDOC is not getting prisoners through programming.

24: Defendants State of Idaho and Idaho parole Comm. Exec. Dir. Ashley Dowell are forcing inmates to pay hundreds of dollars a month on parole for the programming IDOC should have been giving. If parolee's cannot afford programs, polygraphs ($250), and drug test ($20) at discretion of parole officer, they

are sent back to prison. Violating the plaintiffs right to be free from cruel and unusual punishment, an 8th Amendment violation by forcing offenders to choose to provide for their families or go back to prison.

25: Defendants violate 8th Amendment, cruel and unusual punishment, by holding inmates past their fixed knowing there is no visits due to pandemic, forces families to pay over $3 per phone call and for commissary marked up as much as 600% over retail price, and segregating inmates to their bunks were they have to eat and sleep due to overcrowded facilities.

26: Defendants violate 5th and 14th Amendment and abuse discretionary powers by denying prisoners rights to equal protection. By treating parole hearings like fact finding court rooms where inmates are not provided an attorney, and deny parole if inmate does not admit guilt for conviction or they appeal conviction. False claims and prison C-notes that are not proven by trial judge are used to deny parole.

27: Defendant Idaho commission of Pardons and Parole

Prisoners Civil Rights Complaint page 10

Exec. Dir. Ashley Dowell is violating 14th Amendment, Idaho Code §20-213 and abusing discretionary powers by denying parole for housing plans and banning inmates from entire state districts without judgement of trial court.

## Prayer for Relief

1. That this court determine, pursuant to Rule 23 FRCP, that this action is a proper class action and that named plaintiff Brian Langley is a proper class representative.

2. That this court enter an order declaring that the defendants have acted in violation of the United States Constitution, and violated the plaintiff and plaintiff class of their rights to be free from cruel and unusual punishment, and due process.

3. That this court enter a Preliminary/Permanent Injunction and Restraining Order, Ordering the defendants to release the inmates who are parole eligible, and regulate the Idaho Parole Commission by reviewing all parole denials, and providing an attorney for all inmates at parole hearings.

Prisoners Civil Rights Complaint page 11

4: Reinstate good time for all Idaho prisoners.

5: Grant plaintiff's request for counsel.

<u>Certification Under Penalty of Perjury</u>

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Date: 4-23-21

Brian Langley
Typed/Printed

*Brian Langley*
Signature

Prisoners Civil Rights Complaint page 25